

U.S. Department of Justice

United States Attorney
Southern District of New York

86 Chambers Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/1/21

September 30, 2021

VIA ECF
Hon. Alison J. Nathan
United States District Judge
United States District Court
40 Foley Square
New York, New York 10007

    Re: *Malik v. USCIS, et al.,* No. 21 Civ. 3996 (AJN)

Dear Judge Nathan:

    This Office represents the government in the above referenced action in which the plaintiff seeks an order compelling U.S. Citizenship and Immigration Services ("USCIS") to adjudicate his Petition for Alien Entrepreneur (Form I-526). I write with the plaintiff's consent to respectfully request that the Court stay this case because statutory authorization related to the EB-5 Immigrant Investor Regional Center Program, under which plaintiff filed his petition, has expired but may be renewed by Congress.

    By way of background, in 1990, Congress amended the Immigration and Nationality Act ("INA") to provide for classification of "employment creation" immigrants who invest lawfully acquired capital in new commercial enterprises in the United States that create full-time employment for United States workers. *See* Immigration Act of 1990, Pub. L. No. 101-649, § 121(a) (Nov. 29, 1990) (codified at 8 U.S.C. § 1153(b)(5)). This classification is also known as the EB-5 classification. *See generally* 8 C.F.R. § 204.6. An investor applies for EB-5 visa classification through filing a Form I-526 with USCIS. *See, e.g.*, *Lin Liu v. Smith*, No. 19 Civ. 10784 (JGK), 2021 WL 232890, at *1 (S.D.N.Y. Jan. 25, 2021). The plaintiff's Form I-526 petition is based on an investment under the EB-5 Immigrant Investor Regional Center Program ("Regional Center Program"), which imposes less-onerous requirements for participation in the EB-5 program than otherwise would apply (primarily with respect to the job creation requirement). Since the filing of plaintiff's complaint, Congress has not extended the statutory authorization related to the Regional Center Program, which expired as of July 1, 2021. *See* Section 610 of the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1993, Pub. L. No. 102-395, 106 Stat. 1828 (1992), as amended; Div. O, Title I, Sec. 104 of the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260 (2020).

    In the past, the statutory authority related to the Regional Center Program has lapsed and later been renewed by Congress. As USCIS has done in similar instances in the past, and in light of possible statutory reauthorization, in general, USCIS is currently not taking action on regional center Forms I-526 filed on or before June 30, 2021. ==To allow time for Congress to take action on the potential renewal of the statutory authorization related to the program, the government requests that this case be stayed until thirty days after Congress enacts reauthorization legislation or until==

an application by either side to lift the stay is granted by the Court. No later than thirty days after such congressional action, the parties will confer and will file a joint status letter regarding proposed next steps in this litigation.

SO ORDERED.

The plaintiff consents to this request. This is the first request to stay this action.[1]

I thank the Court for its consideration of this request.

SO ORDERED.
ALISON J. NATHAN, U.S.D.J.
10/1/21

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:   *s/ Michael J. Byars*
MICHAEL J. BYARS
Assistant United States Attorney
Telephone: (212) 637-2793
Facsimile: (212) 673-2786
E-mail: michael.byars@usdoj.gov

cc:  Counsel of Record (via ECF)

---

[1] The government previously requested on-consent extensions on July 1 and August 3, 2021. *See* ECF Nos. 34, 36. The Court granted the requests. *See* ECF Nos. 35, 37.